IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID JOHN BERG,

      Plaintiff,                    No. 2:09-cv-1492 MCE KJN P

   vs.

KAZALEC, et al.,

      Defendants.           <u>ORDER</u>

                              /

        Pursuant to this court's order filed June 8, 2011, the parties have timely filed their respective status reports. For the following reasons, the court vacates the pending motion filed by defendants on February 22, 2011, without prejudice to its refiling at a later date.

        Plaintiff's counsel, recently appointed by order of this court filed May 2, 2011, indicates that he will be meeting with his client for the first time on July 12, 2011. The court authorized counsel's travel expenses by order filed June 24, 2011, and duly notes, as counsel points out, that there have been "inherent hurdles representing a client 600 miles away, with extremely limited access. . . ." (Dkt. No. 35 at 2.)

        Plaintiff's counsel states that he has sought to enter into a stipulation with defendants' counsel to authorize the filing of an amended complaint, "but [defendants] would like to see the amended complaint first." (<u>Id.</u>) Plaintiff's counsel further states that, "if

1

1 Defendants' counsel refuses to stipulate, Plaintiff will most likely seek an order for leave to
2 amend." (Id.)  Defendants' counsel, however, does not mention such a possibility but instead
3 requests that the court hear defendants' pending "Motion to Dismiss for Failure to State a Claim,
4 or in The Alternative, for a More Definite Statement, and Motion To Sever Improperly Joined
5 Claims" (see Dkt. No. 22).  (Dkt. No. 36 at 2.)

  The court appointed counsel in this case for the following reasons (Dkt. No. 29 at 2):

> Th[is] case is moderately complex, both as framed in the complaint, and as demonstrated by defendants' arguments in support of their motion to dismiss.  As the court found in screening the complaint pursuant to Section 1915A, plaintiff alleges potentially cognizable claims against nine defendants.  In addition, plaintiff requires discovery to identify at least one currently named "Doe" defendant.  Plaintiff's claims include alleged violations of his rights under the First and Eighth Amendments to the United States Constitution, and include allegations that plaintiff suffers permanent injury as a result of challenged conduct.  These allegations, if proven, implicate significant constitutional issues and demonstrate some likelihood that plaintiff could succeed on the merits of his claims.  The challenged conduct took place at Sacramento County Jail, and plaintiff is now incarcerated in administrative segregation in Calipatria State Prison.  Plaintiff asserts that he has limited access to the law library and legal materials, that he is precluded from engaging in inmate-to-inmate communications and thus is unable to contact most of his witnesses who are now incarcerated at other facilities, and that his case will require expert medical evidence that he is unable to obtain.  Plaintiff asserts that his case is factually and legally complex, and that he is further disadvantaged by having only a ninth grade education.
>
> For these several reasons, and because it would be helpful to the court to have the assistance of counsel in responding to the instant motion to dismiss, the court finds that appointment of counsel is warranted.. . .

  Federal Rule of Civil Procedure 15(a)(2) permits amendment of a pleading "only
with the opposing party's written consent or the court's leave.  The court should freely give leave
when justice so requires."  As the court noted in April 2011, appointment of pro bono counsel to
an indigent prisoner pursuing a civil rights action is warranted "only in exceptional

2

circumstances." <u>Agyeman v. Corrections Corp. of America</u>, 390 F.3d 1101, 1103 (9th Cir. 2004). Having found such exceptional circumstances in the instant case, while the court noted that "it would be helpful . . . to have the assistance of counsel in responding to the instant motion to dismiss" (Dkt. No. 29 at 2), such assistance will be provided in due course, after plaintiff's counsel has had the opportunity to decide whether to proceed on the currently operative complaint, or to seek leave of court to file an amended complaint.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' pending motion to dismiss (Dkt. No. 22) is vacated, without prejudice to its refiling in due course.

2. Plaintiff's counsel shall, within sixty (60) days after the filing date of this order, inform the court whether plaintiff intends to proceed on the currently operative complaint (Dkt. No. 1), or whether plaintiff seeks leave to file an amended complaint; if the latter, such request shall include a copy of the proposed amended complaint.

DATED: July 8, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

berg1492.ORD